## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

TERRENCE HAMMOCK,

    Plaintiff,

    v.

ATTORNEY CHARLES PAUL,

    Defendant.

Civil Action No.:  JRR-23-0580

## MEMORANDUM

Plaintiff Terrence Hammock, who is incarcerated at Eastern Correctional Institution ("ECI"), has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Mr. Hammock appears indigent, his request to proceed without pre-payment of the filing fee is granted.  In addition, the Complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Mr. Hammock asserts that his criminal defense attorney, Charles Paul, violated his Sixth, Eighth, and Fourteenth Amendment rights.  ECF No. 1 at 3.  Mr. Hammock alleges that Mr. Paul provided him with ineffective assistance of counsel, specifically in regard to how he conducted voir dire, which caused Mr. Hammock to receive a 100-year sentence in his state criminal case. *Id.* at 3-4.  Mr. Hammock seeks monetary damages and to be released from custody. *Id.* at 5.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this Complaint.  The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B)

and 1915A(b).  For the reasons discussed below, Mr. Hammock's Complaint is dismissed with

prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

At its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct

under color of law.  *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir.

2014).  Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes
> to be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for

vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver,* 510 U.S. 266, 271 (1994)

(quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Essential to sustaining an action under

§ 1983 are the presence of two elements.  Specifically, the plaintiff must demonstrate that: (1) he

suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws"

of the United States; and (2) the act or omission causing the deprivation was committed by a person

acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Mr. Hammock sues his criminal defense attorney and although he does not specify

whether Mr. Paul was privately retained or a public defender, in neither case was he acting under

color of law.  Privately retained attorneys do not act under color of state law even if they are

appointed by the court.  *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v.

Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).  In addition, public defenders do not act under

color of state law when performing a lawyer's traditional functions as counsel to a defendant in a

criminal proceeding.  *Polk Cty. v. Dodson*, 454 U.S. 312, 453-54 (1981).

While an attorney who conspires with a state official to violate constitutional rights does act under color of state law, evidence of the conspiracy is required. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (plaintiff must make more than naked assertion of conspiracy). As Mr. Hammock presents no allegations of conspiracy, there is no state actor against whom he can maintain a § 1983 action. Therefore, his Complaint against Mr. Paul must be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Mr. Hammock is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

Mr. Hammock's claims may be more appropriately suited to a petition for writ of habeas corpus. However, Mr. Hammock should be aware that before a federal court may consider the merits of a habeas petition under 28 U.S.C. § 2254 which challenges the validity of a state court conviction, those claims must be exhausted before the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it.

3

For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Appellate Court of Maryland and then to the Supreme Court of Maryland by way of a Petition for Writ of Certiorari.[1] *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301.  If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Appellate Court. *See* Md. Cts. & Jud. Proc. Code Ann., §12-302(e).  If the Appellate Court denies the application, there is no further review available and the claim is exhausted.  *See* Md. Cts. & Jud. Proc. Code Ann., §12-202.  However, if the application is granted but relief on the merits of the claim is denied, Mr. Hammock must file a Petition for Writ of Certiorari to the Supreme Court of Maryland.  *See  Williams v. State*, 292 Md. 201, 210-11 (1981).

Further, Mr. Hammock must also avail himself of state post-conviction proceedings for claims that are not appropriate for relief on direct appeal.  To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court where Mr. Hammock was convicted and, if unsuccessful, must also be raised in an application for leave to appeal to the Appellate Court.  *See* Md. Crim. Proc. Code Ann. § 7-109.  If the Appellate Court denies the application, there is no further review available and the claim is exhausted.  *See* Md. Cts. & Jud. Proc. Code Ann., §12-202.  However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Supreme Court of Maryland.  *See Williams, supra*.

---

[1] At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Special Appeals to the Appellate Court of Maryland and the Court of Appeals of Maryland to the Supreme Court of Maryland.  The changes took effect on December 14, 2022.

Mr. Hammock must also comply with a one-year filing deadline to file a petition with this Court following exhaustion of his claims. Mr. Hammock is forewarned that the one-year filing deadline begins to run on the date his conviction is final.  The one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court.  This means that until a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run.  Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time Mr. Hammock has to seek federal habeas corpus review.

For the reasons stated herein, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  A separate order follows.


___3.30.23_____                    _____/S/_____
Date                                       Julie R. Rubin
                                           United States District Judge